UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

WILLIAM EAGLE, individually and
on behalf of all similarly situated persons,

       Plaintiff,

v.                                                 Civ. No. 2:15-CV-00577-MV-SMV

FREEPORT-McMORAN, INC., f/k/a
FREEPORT-McMORAN COPPER &
GOLD, INC., a Delaware Corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Freeport-McMoRan Inc.'s ("Defendant") Motion to Dismiss Count II and Count III of the Second Amended Class Action Complaint [Doc. 35] and Memorandum in Support [Doc. 36], filed November 25, 2015. The Court, having considered the motions, briefs, relevant law, and being otherwise fully informed, finds that Defendant's motion is well taken and will be granted. Having dismissed Counts II and III of the Complaint, the Court considers in a separate opinion Plaintiff's Motion for Conditional Class Certification [Doc. 27], only as it applies to Count I.

## BACKGROUND

Freeport-McMoRan Inc. is a Delaware corporation, formerly known as Freeport-McMoRan Copper & Gold Inc. [Doc. 17 at 2]. The parties dispute whether Defendant owns and operates two mines in Grant County, New Mexico, the Chino and Tyrone mines. [Doc. 12 at 3; Doc. 17 at 3]. Plaintiff William Eagle is a resident of Grant County who was employed as a miner at Chino Mine. [Doc. 12 at 6]. Plaintiff brings this action on behalf

of himself and a putative class defined as "[a]ll [employees of Defendant] who worked as miners at the Chino or Tyrone mines in the last three years who worked over 40 hours in any given week and were not paid overtime or who were not otherwise compensated for all hours worked." [*Id*. at 24].

Plaintiff's claims arise from allegations that Defendant, as the owner and operator of Chino and Tyrone mines, failed to pay overtime to employees who worked over forty hours per week. [*Id*. at 8]. The Complaint states that Defendant "has required miners working the Chino and Tyrone mines to work" the following monthly schedule, which appears to require employees to work over forty hours per week for three out of every four weeks:

> [E]ither (48) hours [in] one week with three (3) days off. They are then required during the next seven (7) days to work thirty six (36) hours over a three (3) day period, after which they are given one (1) day off, after which they are required to work another thirty-six (36) hours over a three (3) day period. During the next seven (7) days they are given three (3) days off and are then required to work forty-eight (48) hours in twelve (12) hour shifts over the next four (4) days. They are then provided with seven (7) days off. This cycle continues throughout the year.

[*Id*. at 7]. Plaintiff also alleges that "there were many times where Defendant did not pay these employees, including Plaintiff, for the actual amount of time worked." [*Id*. at 8].

Based on the above allegations, Plaintiff pleads three causes of action. First, in Count I, Plaintiff claims that Defendant's failure to pay overtime violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. [Doc. 12 at 11–14]. Second, in Count II, Plaintiff claims that "[i]n New Mexico, there is an implied covenant of good faith and fair dealing which attaches to all contracts entered into in this State," [*id*. at 16], and that "Defendant breached the implied covenant of good faith and fair dealing by knowingly failing to pay Plaintiff and the other putative class members overtime as required by the FLSA and by failing to pay Plaintiff and the

putative class for the actual amount of hours worked." [*Id.* at 18]. Finally, Plaintiff claims punitive damages in Count III, stating that Defendant's failures to properly compensate Plaintiff and the putative class members were "willful, wanton, malicious and committed in bad faith with reckless disregard for Plaintiff's rights and the rights of the putative class members." [*Id.* at 21].

Plaintiff filed his initial Class Action Complaint on July 6, 2015, [Doc. 1], and filed the present Second Amended Class Action Complaint (hereinafter "the Complaint"), [Doc. 12], on September 16, 2015. On October 26, 2015, Plaintiff filed a Motion to Certify Class, [Doc. 27], and on November 25, 2015, Defendant filed a Motion to Dismiss Counts II and III of Plaintiff's Second Amended Class Action Complaint, [Doc. 35].

## **STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted), *cert. denied*, 558 U.S. 1148 (2010).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is

insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). The Tenth Circuit has explained,

> "[p]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570) (internal citations omitted).

## **DISCUSSION**

Defendant moves to dismiss Plaintiff's common law and punitive damages claims. Plaintiff's common law claim for breach of implied covenant of good faith and fair dealing, as applied to alleged unpaid overtime, must be dismissed because it is preempted by the FLSA. As

4

applied to alleged unpaid "straight time" (i.e. non-overtime hours worked), Plaintiff's common law claim is not preempted by the FLSA but nevertheless must be dismissed for failure to state sufficient facts.

With regard to punitive damages, Plaintiff's request is dismissed for two reasons.  First, punitive damages are not available under the FLSA.  Second, even if Plaintiff had sufficiently pled a breach with respect to unpaid straight time, the Complaint fails to allege plausibly that Defendant's conduct was in bad faith.

**I.    Plaintiff's Common Law Claims for Breach of Implied Covenant of Good Faith and Fair Dealing Are Dismissed.**

Plaintiff's common law claims for breach of an implied covenant of good faith and fair dealing pertain to both overtime and straight time.  [Doc. 12 at 18].  Because it is based on the same facts giving rise to Plaintiff's FLSA claim, Plaintiff's common law claim with respect to overtime is pre-empted by the FLSA and therefore is dismissed as a matter of law.  Plaintiff's common law claim with respect to straight time is dismissed for failure to allege sufficient facts.

A.    Plaintiff's Common Law Claim With Respect to Overtime is Preempted by the FLSA.

Defendant argues that with respect to overtime payments, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law "because it merely alleges violations of the [FLSA]" and is preempted by the FLSA.  [Doc. 36 at 4].  The Court agrees.

"A fundamental principle of the Constitution is that Congress has the power to preempt state law."  *Crosby v. Nat'l Foreign Trade Council,* 530 U.S. 363, 372 (2000).  The preemptive effect of federal law may be apparent from the express terms of the statute, or it may be implied. *See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n,* 461 U.S. 190, 203–

04, (1983). In determining whether a statute preempts state law, the court "begin[s] by examining the statute's plain language, and if the statutory language is clear, [the] analysis ordinarily ends." *Russell v. United States,* 551 F.3d 1174, 1178 (10th Cir. 2008). "If the statute's plain language is ambiguous as to Congressional intent, [the court] look[s] to the legislative history and the underlying public policy of the statute." *Id.*

Congress enacted the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA plainly states that it does not preempt state law remedies that are more generous than those provided by the FLSA. 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any . . . State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter . . . ."); *see also Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1150 (9th Cir. 2000) (noting that "[i]n addition to protecting workers by establishing a minimum wage and maximum hours, the FLSA contains a 'savings clause' that enables states and municipalities to enact more favorable wage, hour, and child labor legislation." (citing 29 U.S.C. § 218(a)).

The issue of whether the FLSA preempts state common law claims has not been thoroughly and decisively addressed at the appellate level. However, many courts have held that if a plaintiff's common law claims are duplicative of facts alleged in support of FLSA claims, the common law claims are preempted and not covered by the savings clause. *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193–94 (4th Cir. 2007) (finding that "contract, negligence, and fraud claims are precluded under a theory of obstacle preemption," because plaintiffs' "state claims all

depend on establishing that [the defendant] violated the FLSA, either in good faith or willfully"); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1227–28 (D. Utah 2002) (dismissing state common law claims, including a claim for breach of implied covenant of good faith and fair dealing, because claims were based on the same facts as plaintiff's FLSA claim and therefore preempted) (citing *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997) (dismissing retaliatory discharge claim brought under Kansas common law because plaintiff was also asserting a retaliatory claim under the FLSA)).

This Court finds the above line of cases to be persuasive, particularly in light of New Mexico case law providing that although an employer's policy can form the basis of an implied contract, "an agreement to do what one is already legally bound to do is not sufficient consideration for the promise to another."  *Western Bank of Santa Fe v. Biava*, 787 P.2d 830, 831 (N.M. 1990); *see also Bustillos v. Bd. of Cnty. Comm'rs of Hidalgo Cnty.*, 2015 WL 7873813, at *24–25 (D.N.M. Oct. 20, 2015) (citing *Western Bank of Santa Fe* and dismissing breach of contract claim where employer's policies were "general statements of adherence to federal and state laws" that did not imply "separate and independent contractual obligations").

Here, Plaintiff's common law claim with respect to overtime is based explicitly on the same facts as his FLSA claim.  Count II of the Complaint states that "Defendant breached the implied covenant of good faith and fair dealing by knowingly failing to pay Plaintiff and the other putative class members overtime as required by the FLSA . . ."  [Doc. 12 at 18].  By referring explicitly to the FLSA, Plaintiff acknowledges that Count II makes precisely the same allegation as Count I with respect to overtime.  Therefore, "cases relied on by [p]laintiff that involve plaintiffs who were not covered by FLSA's overtime protection are inapplicable." *Johnston*, 217 F. Supp. 2d at 1228; *see* [Doc. 39 at 5–7].  Because Plaintiff's common law claim with respect to

overtime is based on the same allegations in support of Plaintiff's FLSA claim, it is preempted by the FLSA and dismissed as a matter of law.

> B. Plaintiff's Common Law Claim With Respect to Straight Time Fails to Allege Sufficient Facts.

By comparison, Plaintiff's common law claim with respect to straight time is not preempted because the FLSA does not provide a claim for unpaid straight time. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013) (holding that the FLSA does not permit a cause of action for unpaid straight time, even when an employee has worked overtime, provided that the employee is paid at least minimum wage); *Garcia v. Crossmark, Inc.*, 2015 WL 9943433, at *5 (D.N.M. Mar. 26, 2015) (Vazquez, J.) (citing *Lundy*); *DeSilva v. N. Shore–Long Island Jewish Health Sys., Inc.,* 770 F. Supp. 2d 497, 530 (E.D.N.Y. 2011) ("[T]he Court finds that the FLSA preempts the state common law claims [including breach of contract claims] that are based upon [the] defendants' alleged failure to fully compensate plaintiffs for all overtime hours worked. However, the common law claims [including breach of contract claims] that are based upon the alleged failure to properly compensate plaintiffs for 'straight time' wages are not duplicative of the FLSA cause of action, and therefore are not preempted."). Accordingly, the issue remaining is whether the Complaint alleges sufficient facts to state a claim for relief under New Mexico common law.

"Broadly stated, the [the implied covenant of good faith and fair dealing] requires that neither party do anything which will deprive the other of the benefits of the agreement." *Romero v. Mervyn's,* 784 P.2d 992, 1000 (N.M. 1989). In order to state a claim for breach of this implied covenant, New Mexico law requires Plaintiff to identify a contract and explain how the contract covers the benefits at issue. *Watson Truck & Supply Co. v. Males*, 801 P.2d 639, 642 (N.M. 1990)

(finding no breach because the plaintiff failed to show existence of a contract for the benefits at issue).  Furthermore, "a breach of the duty of good faith and fair dealing . . . requires a showing of bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party."  *Wagner Equip. Co. v. Wood*, 2012 WL 988022, at *4 (D.N.M. Mar. 20, 2012) (Vazquez, J.) (citing *Sanders v. Fedex Ground Package Sys., Inc.*, 188 P.3d 1200, 1203 (N.M. 2008)).

Plaintiff claims in Count II that Defendant "fail[ed] to pay Plaintiff and the putative class for the actual amount of hours worked."  [Doc. 12 at 18].  The Complaint only states that "there were many times where Defendant did not pay these employees, including Plaintiff, for the actual amount of time worked."  [Doc. 12 at 8].  Defendant argues that this claim should be dismissed because the Complaint does not contain any supporting factual allegations.  [Doc. 36 at 2–3]. The Court agrees.  Plaintiff fails to allege, let alone plausibly, the existence of a contract covering the alleged missing payments.[1]  Furthermore, because the Complaint fails to allege any specific payments that Plaintiff failed to receive, Plaintiff has not plausibly alleged a breach, let alone bad faith.  In light of these deficiencies, Plaintiff has not shown "a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, LLC*, 493 F.3d at 1177.

The Court wishes briefly to correct a fundamental misconception.  Plaintiff argues that the standard articulated in *Twombly* is limited to claims under the Sherman Act.  [Doc. 39 at 2–4]. This argument is patently incorrect, as *Iqbal* and *Twombly* establish the standard for review under Rule 12(b)(6) generally.  *See, e.g., Mink*, 613 F.3d at 1000 (citing *Iqbal*); *Corder v. Lewis Palmer*

---

1 The Complaint does not allege the existence of any contract other than claiming that "[i]n New Mexico, there is an implied covenant of good faith and fair dealing which attaches to all contracts entered into in this State."  [Doc. 12 at 3].  In his Response, Plaintiff states for the first time that his claim is based on Defendant's "Open Door Policy," [Doc. 39 at 5], attaching an agreement entitled "Mutual Recognition and Agreement Statement."  [Doc. 39-1].  The Court declines to consider this exhibit in support of Plaintiff's claim.  In reviewing the sufficiency of Plaintiff's claims under Rule 12(b)(6), the Court is limited to "the four corners of the complaint."  *Mobley,* 40 F.3d at 340.

*Sch. Dist. No. 38,* 566 F.3d 1219, 1223–1224 (10th Cir. 2009) (citing *Twombly*). Plaintiff also argues that he cannot "show that the putative class members can prove they were not paid for actual time worked" until conditional class certification is granted. [*Id*. at 4]. However, Plaintiff is not entitled to seek discovery on his claims unless they survive review under Rule 12(b)(6). Because the Complaint does not provide any specific allegations making it plausible that (1) Plaintiff has a contract with Defendant that covers the alleged unpaid hours, (2) Plaintiff did not receive payment for those hours worked, and (3) Defendant deprived Plaintiff of this payment in bad faith, Plaintiff's common law claim for breach of an implied covenant of good faith and fair dealing must be dismissed.[2]

### II.     Plaintiff's Claim for Punitive Damages Fails to State a Claim.

In response to Defendant's motion, Plaintiff agrees that punitive damages are not available under the FLSA. [Doc. 39 at 8]; *see* 29 U.S.C. § 216(b) (providing that the remedies available for FLSA violations are compensatory and liquidated damages); *Saavedra v. Lowe's Home Ctrs.*, 748 F. Supp. 2d 1273, 1298 (D.N.M. 2010) (explaining that liquidated damages under the FLSA are compensatory and not punitive) (citing *Jordan v. U.S. Postal Service*, 379 F.3d 1196, 1201–02 (10th Cir. 2004)). Therefore, Plaintiff seeks punitive damages only with respect to breach of contract claims in Count II. With respect to Plaintiff's overtime claim, because the Court finds that this claim is preempted by the FLSA and dismissed as a matter of law, Plaintiff's request for punitive damages cannot stand alone and must be dismissed. *See*

---

2  Defendant also argues that the Complaint fails to allege sufficient facts because straight time claims under state law may raise an issue under the FLSA of whether the hours in dispute are compensable. [Doc. 45 at 7–8]. Defendant argues that because Plaintiff fails to address "the scope of the FLSA requirements to straight time claims" or "what Plaintiff's straight time allegations actually are," [Doc. 45 at 7], Plaintiff's claim necessarily depends on resolution of the issue of whether the unpaid time is compensable under the FLSA. The Court need not decide this question, as the Complaint lacks sufficient facts in support of the basic elements of the common law claim, let alone any potential corollary issue under federal law.

*Gonzales v. Sansoy*, 703 P.2d 904, 906 (N.M. 1984) ("An award of punitive damages must be supported by an award of compensatory damages."); *Stoody Co. v. Royer*, 374 F.2d 672, 680 (10th Cir. 1967) (same).

With respect to Plaintiff's straight time claim, the Complaint does not allege sufficient facts to show that an award of punitive damages is plausible. Under New Mexico law, a plaintiff seeking punitive damages for breach of contract must allege "overreaching, malicious, or wanton conduct" that is "inconsistent with legitimate business interests" and "violates community standards of decency." *Romero*, 784 P.2d at 1001. The Complaint merely alleges that certain wages were not paid to Plaintiff and the putative class members, [Doc. 12 at 18], and that these failures to pay "were willful, wanton, malicious and committed in bad faith and with reckless disregard for Plaintiff's rights and the rights of the putative class members." [*Id*. at 21]. Without any specific allegations to support these statements, Plaintiff's punitive damages claim is merely conclusory and not plausible.[3]

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that the Motion to Dismiss Count II and Count III of the Second Amended Class Action Complaint [Doc. 35] and Memorandum in Support [Doc. 36], filed November 25, 2015, is granted. The Court considers in a separate opinion Plaintiff's Motion for Conditional Class Certification under the FLSA with

---

3 Plaintiff argues that his request for punitive damages should survive dismissal because "[o]nce the Conditional Class is certified and discovery is allowed to proceed with respect to the Defendant and the Class Members, Plaintiff expects to present ample evidence showing that punitive damages for breach of its employment contract are warranted." [Doc. 39 at 8]. As explained above, Plaintiff cannot wait for discovery in order to state plausible allegations in support of his claims. In order to survive dismissal, the Complaint must contain allegations which "if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins*, 519 F.3d at 1247. Without any supporting allegations, Plaintiff's claim that Defendant was "willful, wanton, [and] malicious" is speculative.

respect to Count I [Doc. 27].

Dated this 26th day of May, 2016.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| James P. Lyle | Jennifer L. Bradfute, *et al*. |
| Law Offices of James P. Lyle, P.C. | Modrall, Sperling, Roehl, Harris & Sisk, P.A. |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |