UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

WILLIAM EAGLE, individually and
on behalf of all similarly situated persons,

      Plaintiff,

v.                                                                              Civ. No. 2:15-CV-00577-MV-SMV

FREEPORT-McMORAN, INC., f/k/a
FREEPORT-McMORAN COPPER &
GOLD, INC., a Delaware Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff William Eagle's ("Plaintiff") Motion for Conditional Class Certification [Doc. 27], filed October 26, 2015. The Court, having considered the motions, briefs, relevant law, and being otherwise fully informed, finds that Plaintiff's motion is not well taken and will be denied.

## BACKGROUND

Plaintiff's claim arises from allegations that Defendant, as the owner and operator of the Chino and Tyrone mines, failed to pay overtime to Plaintiff and other employees who worked over forty hours per week. [Doc. 12 at 8]. Plaintiff also claims that he and other employees were not paid for all of their straight time worked. [Doc. 12 at 8]. The allegations supporting Plaintiffs' claim are set forth more fully in the Court's Memorandum Opinion and Order granting Defendant's Motion to Dismiss. The Court incorporates those facts by reference instead of restating them herein.

In the above-mentioned order, the Court dismissed Plaintiff's contract claims for straight

1

time pay. Accordingly, the Court considers the present motion for conditional certification only as it pertains to Count I, in which Plaintiff claims that Defendant's failure to pay overtime violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* [Doc. 12 at 11–14].

Plaintiff filed his initial Class Action Complaint on July 6, 2015, [Doc. 1], and filed the present Second Amended Class Action Complaint (hereinafter "the Complaint"), [Doc. 12], on September 16, 2015. Plaintiff filed the present Motion for Conditional Class Certification under the FLSA and/or Rule 23 on October 26, 2015, [Doc. 27]. Defendant timely responded on November 12, 2015, [Doc. 28], and Plaintiff replied on November 25, 2015, [Doc. 37].

On December 21, 2015, Defendant filed a Motion for Leave to File a Sur-reply to the Motion for Conditional Class Certification, [Doc. 42], arguing that Plaintiff's reply made two new factual assertions that would prejudice Defendant without an opportunity to respond. The Court granted Defendant's Motion, [Doc. 72], and Defendant filed its Sur-reply brief on April 13, 2016, [Doc. 73].

In order to provide context for some of Plaintiff's arguments for conditional certification, the Court notes that Plaintiff has filed multiple emergency motions expressing concerns about severance packages that Defendant was offering to some of its employees, [Doc. 30, 40, 47, 50]. In his first emergency motion, Plaintiff claimed that at least one of these employees had already agreed to join the lawsuit. [Doc. 30]. After holding an emergency hearing on November 16, 2015, Magistrate Judge Vidmar ordered that:

> [A]ny and all communication [by Defendant] with the named Plaintiff or opt-in Plaintiffs regarding severance packages, releases of claims, or other matters directly related to the claims raised in this lawsuit must be communicated through Plaintiff's counsel. Upon receipt of any such communications, Plaintiff's counsel must provide timely, written confirmation that he has presented the communications to the intended person(s).

[Doc. 34]. A second emergency hearing was held on March 10, 2016, at which Plaintiff protested

the communications Defendant was making with some of the opt-in Plaintiffs, despite the fact that these communications were made through Plaintiff's counsel. Defendant had been providing Plaintiff's counsel with checks for wages that may have been owed to some of the opt-in Plaintiffs, along with an acknowledgement form stating that acceptance of the funds would not release any legal claims but that these payments could be deducted from any damages awarded. [Doc. 68 at 3 (citing Doc. 40-1)]. In the court's subsequent order, Magistrate Judge Vidmar held that Defendant's communications were not improper, noting that "[i]n essence, Plaintiff wants the Court to order Defendant to cease all communications regarding unpaid wages with any employee or former employee regardless of whether he is an opt-in Plaintiff or not." [Doc. 68 at 4].

## **STANDARD**

The FLSA remedies two distinct violations: failure to pay statutorily set minimum wages, *see* 29 U.S.C. § 206, and failure to compensate overtime work at the rate of one and one-half times the regular rate at which the worker is employed, *see id.* § 207. Section 216(b) of the Fair Labor Standards Act ("FLSA") provides in relevant part that "[a]n action to recover the liability prescribed [for failure to pay statutorily set minimum wages or properly to compensate overtime work] . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and *other employees similarly situated.*" *Id.* § 216(b) (emphasis added). Through this Section, "Congress has stated its policy that . . . plaintiffs should have the opportunity to proceed collectively. A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (interpreting the ADEA, which explicitly incorporates the collective action provisions of the FLSA). Moreover, apart from being mandated by Congress, "[t]he judicial system benefits [from] efficient resolution in one

proceeding of common issues of law and fact arising from the same alleged . . . activity."  *Id.* The decision whether to certify a collective action must reflect the purposes of the FLSA.  *See Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 627 (D. Colo. 2002) (noting that a district court "must also consider whether certification would serve the purposes and putative benefits of a collective action under § 216(b)").   Plaintiffs bear the burden of establishing that they are similarly situated.  *See Montoya v. Rescue Indus., Inc.*, No. 98-1269, 1999 WL 240247, at *1 (10th Cir. Apr. 20, 1999) (citation omitted).

Section 216(b) does not define the term "similarly situated."  *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002).   In *Thiessen*, the Tenth Circuit discussed with approval the *ad hoc* two-step approach to determining whether plaintiffs are similarly situated.  *See id.* at 1102, 1105; *see also Reab*, 214 F.R.D. at 627.  Under this approach, a court makes an initial "notice stage" determination of whether plaintiffs are "similarly situated."  *Thiessen*, 267 F.3d at 1102 (citation omitted).   In doing so, a court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Id.* (internal quotations and citations omitted).   The notice stage determination is made "using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).   At this notice stage, "a court's inquiry is considerably less rigorous than under Rule 23."  *Id.* at 1214. "[T]he district court makes a decision—usually based only on the pleadings and affidavits which have been submitted—whether notice should be given to potential class members."  *Id.* at 1213–14.  Conditional certification in the notice stage, however, is by no means automatic.   *See Treme v. HKA Enters., Inc.*, No. 07-1134, 2008 WL 941777, at *2 (W.D.

4

LA. Apr. 7, 2008).  "At least some evidence beyond unsupported factual assertions" must be presented.  *Id.* at *3; *see also Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007); *Landsberg v. Acton Enter., Inc.*, No. 05-CV-0500, 2006 WL 745178, at *2, 5 (S.D. Ohio Mar. 22, 2006).

Once a court conditionally certifies a representative class, the court thereafter "makes a second determination, using a stricter standard of 'similarly situated'" "[a]t the conclusion of discovery (often prompted by a motion to decertify)."  *Thiessen*, 267 F.3d at 1102–03 (citation omitted).  During this "second stage" analysis, a court reviews several factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations."[1]  *Id.* (internal quotation marks and citation omitted).  If the district court determines that the plaintiffs have disparate employment settings or that a defendant has "come forward with 'highly individualized' defenses with regard to each of the various [claims] alleged by [the] plaintiffs," the district court can conclude that decertification is appropriate.  *Id.* at 1103, 1107.

The Court notes that this district recently granted conditional certification of a collective action under the *ad hoc* approach of *Thiessen*, and in doing so laid out specific factors that courts may consider in analyzing whether a plaintiff and putative class members are similarly situated.  In *Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D. 631, 665 (D.N.M. 2015) (Browning, J.), the court noted that "[c]ourts evaluate several factors in this initial determination

---

[1] *Thiessen* lists a fourth factor, *i.e.*, whether plaintiffs made the filings required by the Age Discrimination in Employment Act before instituting suit.  *See Thiessen*, 267 F.3d at 1103; *see also Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 5306273 (D. Kan. Oct. 29, 2012).  That factor does not apply in FLSA cases.  *See id.* (citation omitted).

[of class certification], including whether potential class members: (i) have the same employer; (ii) are subject to the same employer practices; (iii) suffer the same method of calculation of wages owed; and (iv) allege FLSA violations based on the same conduct," *id*. at 664 (citing *Hasken v. City of Louisville*, 213 F.R.D. 280, 282 (W.D. Ky. 2003), and that "some courts focus more on the similarity between job duties and pay provisions of the plaintiffs and those in the proposed class."  *Id*. (citations omitted).

## DISCUSSION

Having dismissed Counts II and III, the only remaining cause of action is Plaintiff's claim under the FLSA for unpaid overtime.  Plaintiff seeks conditional class certification under 29 U.S.C. § 216(b) with respect to this claim, and does not seek class certification under Rule 23. [Doc. 37 at 4].  The Court finds that Plaintiff fails to show that he and putative class members are similarly situated under the *ad hoc* test.[2]

Plaintiff maintains that the Court should conditionally certify a class under Section 216(b) of the FLSA because Plaintiff has satisfied his initial burden under the *ad hoc* test by making "substantial allegations" that all members of their proposed class were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102; *accord Armijo*, 168 P.3d at 145.  Specifically, Plaintiff has alleged (without supporting affidavits) that the Defendant "did not pay overtime to Chino and Tyrone employees who worked more than forty (40) hours in

---

[2] Defendant argues that it "is not the proper Defendant in this case" because it "does not hire, fire, supervise employees, process payroll, maintain employment records, establish work schedules, or manage day-to-day operations at the mines."  [Doc. 28 at 2 (citing Doc. 28-1)].  "Because the definition of 'employee' under the FLSA is broad, but not precise, courts apply the Supreme Court's 'economic reality' test to determine the scope of employee coverage under the FLSA in particular cases." *Johns v. Stewart*, 57 F.3d 1544, 1557 (10th Cir. 1995) (citation omitted).  However, the Court does not reach this issue when deciding a motion for conditional certification.  "A district court should not address the merits of an underlying FLSA claim when ruling on a procedural request for collective action certification."  *Abrams v. City of Albuquerque*, Civ. No. 10-0872 MV/RHS, Doc. 55 at *8 (Sept. 24, 2013) (citing *Thiessen*, 267 F.3d at 1106–07).

seven (7) day periods." [Doc. 27 at 2]. Defendant argues that Plaintiff and other putative class members are not similarly situated because "Plaintiff has not produced any evidence or affidavits which support his motion . . . ." [Doc. 28 at 12]. The Court agrees.

Unsupported or conclusory allegations are insufficient to show that Plaintiff and putative class members are similarly situated at the notice stage. *Maestas v. Day & Zimmerman, LLC*, Civ. No. 09-019 JCH/LFG, Doc. 38 at *3 (D.N.M. Nov. 13, 2009) ("The Court cannot certify a class where Plaintiffs' motion fails to provide some evidence of an unlawful policy or an instance in which Plaintiffs were unfairly compensated."); *Stubbs v. McDonalds Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) ("While this standard does not require, for example, plaintiff to come forward with evidence of actual proof of a decision, police, or plan, the initial *ad hoc* FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone."); *Munoz v. Big Valley, Inc.*, 915 F. Supp. 2d 46, 49 (D.D.C. 2013) ("legal conclusions devoid of any factual basis are insufficient to show that the Plaintiff and the other individuals 'were victims of a common policy or plan that violated the law.'") (citation omitted); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure* § 1807 (3d ed. 2005) (citing *Munoz*, *inter alia*, in support of the rule "requiring that there be some factual support and affidavits showing that the class members are 'similarly situated.'").

In *Bustillos*, the plaintiffs were current and former employees of a county detention center and a county dispatch center. *Bustillos*, 310 F.R.D. at 637. The complaint alleged that plaintiffs were all paid on the basis of pre-assigned shifts and were not paid for required extra time working before and after their assigned shifts, as well as time spent "on-call" while not physically at work. *Id*. at 637–38.

The *Bustillos* court reasoned that the plaintiffs and proposed collective action members were similarly situated because they all "(i) work for the same employer, (ii) operate under the same employment policies [i.e. being required to work before and after their assigned shifts or to be on-call], and (iii) assert injuries arising from the same alleged FLSA violations." *Id*. at 665. The court rejected the defendant's arguments that variations in damages or in specific job duties should defeat conditional certification, finding that the job duties were similar enough because the plaintiffs and putative class members were all subject to defendant's policy limiting their pay to the hours of their pre-assigned shifts. *Id*.

By comparison, the court in *Maestas* denied conditional certification under 29 U.S.C. § 216(b) because the plaintiffs failed to provide any evidence that they were similarly situated with respect to payment policies. The plaintiffs submitted employee affidavits, which discussed "similarities among the potential class members, such as the fact that they each work eight hour shifts, that their primary duties consist of completing routine paperwork and performing basic security work, the requirement that they all work overtime if scheduled to do so, that their positions must be manned at all times, that they all wear military-style uniforms issued by [the defendants], that they must keep their hair to military-style regulation, and that they all maintain a Q security clearance." *Maestas*, Civ. No. 09-019, Doc. 38 at *2–3. The plaintiffs did not submit "any evidence of an unlawful pay practice or even any reference to the method in which [the plaintiffs] are paid." *Id.*, at *3. The court reasoned that without "some evidence of an unlawful policy or an instance in which [the plaintiffs] were unfairly compensated," the plaintiffs had not demonstrated that they are "similarly situated for FLSA purposes with respect to an allegedly unlawful policy." *Id*.

Similarly, in *Munoz*, the district court of the District of Columbia denied conditional

certification because the plaintiff failed to submit any evidence suggesting that the plaintiff and putative class members were subjected to a common unlawful decision, policy, or plan. *Munoz*, 915 F. Supp. 2d at 49–51. The complaint alleged that the plaintiff was aware of "eleven other current and former employees of [the defendant] 'who are similarly situated in that they were not, or not currently, paid by [the defendant] at the rate of one-and-one half . . . times their regular rate of pay for all overtime hours worked each week.'" *Id*. at 48. The court denied certification because it "ha[d] literally no information as to when the eleven individuals mentioned by the [p]laintiff worked for the [d]efendant, in what capacity they were employed, how they were paid, or how the [p]laintiff has personal knowledge of these wages." *Id*. at 49.

The Court finds the reasoning in *Maestas* and *Munoz* persuasive, as Plaintiff similarly has not submitted sufficient information for the Court to find that Plaintiff and putative class members are similarly situated for FLSA purposes. The Complaint describes a rigorous monthly work schedule for miners, which appears to require employees to work over forty hours per week for three out of every four weeks. [Doc. 12 at 7]. In support of his claim that Plaintiff and putative class members are similarly subjected to an unlawful policy, Plaintiff submitted a sign-up sheet that appears to list thirty-seven employees who agreed to join this lawsuit, [Doc. 4, 4-1], and later submitted a supplemental notice that appears to contain seven additional opt-in plaintiffs, [Doc. 25, 25-1].[3]

---

3 Defendant argues on sur-reply that Plaintiff "grossly misrepresented" the nature of the present lawsuit to employees who opted to participate. [Doc. 73 at 4–5]. One of the employees who signed Plaintiff's "Agreement to Join Class Action" form, Sonny Reyes, was terminated as part of a reduction in force at the Tyrone mine. Defendant submitted a declaration from Human Resources Manager Robert Hawkins, in which Mr. Hawkins explains that he directed Mr. Reyes to speak with his attorney, Mr. Lyle, "to discuss the severance package offer," and that Mr. Lyle received a copy of the offer. [Doc. 73-2]. Mr. Hawkins attests that in response to these instructions, Mr. Reyes stated that "he was unaware that he had opted into a lawsuit seeking the payment of overtime wages," and that he "was asked to sign a petition for a paid lunch break." [Doc. 73 at 5 (citing Doc. 73-2)]. Because the Court finds that Plaintiff otherwise fails to meet his burden for conditional certification, the

The Court finds two deficiencies in Plaintiff's showing. First, Plaintiff has not shown that he or any putative class member has been denied overtime pay. On reply, Plaintiff asserts that one of the paystubs submitted by Defendant shows that Plaintiff was denied overtime. [Doc. 37 at 3–4]. However, Defendant explains on sur-reply that because "[c]ertain types of time get reported more than once on the paystub in order to allow payments for premiums and shift differentials to be paid to employees on separate line items," Plaintiff over-counted the overtime hours listed on the paystub and, when read correctly, the paystub shows that the correct amount was paid. [Doc. 73 at 2–4].

Second, the monthly schedule described in the Complaint is not necessarily unlawful if employees receive time and a half payment for overtime hours. Unlike *Bustillos*, where employees were required to work overtime but were, as a matter of policy, only compensated for their assigned shifts, Defendant's monthly schedule does not codify overtime work without overtime pay. *See* [Doc. 12 at 7]. Even if Plaintiff were to produce paystubs that, when read correctly, show missing overtime payments, Plaintiff still has not shown that Defendant has a policy that routinely denies overtime pay to Plaintiff, let alone a class. In other words, notwithstanding Defendant's interpretation of the paystubs, Plaintiffs allegations suggest at best that his paystubs may contain mistakes. Potential payroll errors do not suggest a particular decision, policy, or plan to unlawfully deny overtime.

In sum, Plaintiff has not satisfied the minimal showing for conditional certification that he and putative class members were denied overtime due to an unlawful decision, policy, or plan.

---

Court need not decide whether Plaintiff's supplemental submissions of opt-in Plaintiffs were validly obtained. However, the Court notes that if conditional certification is granted at a later date, the parties will be ordered to meet and confer concerning the form and substance of a proposed notice of this lawsuit to putative collective action members. *See, e.g.*, *Abrams v. City of Albuquerque*, Civ. No. 10-0872 MV/RHS, Doc. 55 at *20 (Sept. 24, 2013).

To the contrary, Defendant's submissions to the Court suggest that Plaintiff was appropriately compensated. *See* [Doc. 28-2; 73 at 2–4]. The Court notes that Plaintiff has submitted over forty names of additional plaintiffs who wish to participate in the present lawsuit. [Doc. 4-1, 25-1]. Plaintiff's counsel could have collected payment information from all of these individuals, including paystubs, and submitted affidavits from these individuals in order to indicate a particular policy that per se unlawfully deprives Plaintiffs of overtime pay. That Plaintiff instead insists that he needs Defendant's employee pay records in order to assert who did not receive overtime payments and why, [Doc. 37 at 6], further indicates that Plaintiff has not met his burden.

Plaintiff argues that Defendant's conduct of "contact[ing] approximately 200 employees and . . . convinc[ing] these employees to dismiss the claims brought in this lawsuit" demonstrates that there is a class of similarly situated employees who have not received overtime pay as required under the FLSA. [Doc. 37 at 5]. Plaintiff asserts that "[c]ombined with Defendant's admitted back door efforts to eviscerate the class, there is clearly more than ample proof that the class is definable and well known to the Defendant." [*Id*.] The Court rejects this argument for two reasons.

First and most importantly, Plaintiff bears the burden of showing that he and putative class members are similarly situated with respect to an unlawful decision, policy, or plan. *See Montoya*, No. 1999 WL 240247, at *1. Plaintiff asserts that the layoff decisions at the Tyrone mine correspond to some as yet unknown policy or plan to deny overtime pay, yet still has not provided any evidence suggesting the existence of an unlawful policy or plan. It may seem suspicious that the Tyrone mine is conducting layoffs and asking employees to waive their severance packages if they plan to participate in this lawsuit. [Doc. 37 at 2; 73 at 4–5].

However, Plaintiff has not produced any information indicating that the individuals being terminated were subject to a common payment policy that routinely denied overtime pay. *See Maestas*, Civ. No. 09-019, Doc. 38 at \*3*; Munoz*, 915 F. Supp. 2d at 49.

As Judge Herrera explains in *Maestas*, "[a]lthough Plaintiff's motion does not provide the Court with the evidence it needs to conditionally certify this case as a collective action at this time, the Court is denying the motion without prejudice and will revisit the issue," should Plaintiff submit some evidence tying Plaintiff and the putative class together under a single decision, policy, or plan on the part of Defendant to deny overtime pay. *Maestas*, Civ. No. 09-019, Doc. 38 at \*4.

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that the Motion for Conditional Class Certification [Doc. 27], filed October 26, 2015, is denied.

Dated this 3rd day of August, 2016.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE


James P. Lyle                                           Jennifer L. Bradfute, *et al*.
Law Offices of James P. Lyle, P.C.      Modrall, Sperling, Roehl, Harris & Sisk, P.A.
*Attorney for Plaintiff*                           *Attorneys for Defendant*