IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM EAGLE; individually and
on behalf of all similarly situated
persons,

                Plaintiff,

vs.                                                    Cause No. 1:15-cv-00577 MV/GJF

FREEPORT-McMORAN, INC., f/k/a,
FREEPORT-McMORAN COPPER &
GOLD, INC., LLC,

                Defendant.

## RENEWED MOTION FOR CONDITIONAL CLASS CERTIFICATION

THIS MATTER comes before the Court as a result of the Order entered by the Court on December 7, 2016 [Doc. No. 91]. On August 3, 2016, this Court denied without prejudice Plaintiff's Motion for Conditional Class Certification. [Doc. No. 81]. The Order stated the Court would revisit the issue "should Plaintiff submit some evidence tying Plaintiff and the putative class together under a single decision, policy, or plan on the part of Defendant to deny overtime pay." Order, Aug. 3, 2016, at 12, [Doc. No. 81]. The December 7th Order required that Plaintiff submit any such new evidence by December 30, 2016.

In accordance with the Court's Orders, Plaintiff submits the following evidence from two of Defendant's senior supervisors, Mr. Sierra and Mr. Dalton. These deposition excerpts and exhibits establish that all putative class members in Defendant's Chino and Tyrone mines worked the same number of hours over any given set of seven days (workweek) on a repeating schedule for any four workweeks. Plaintiff's affidavit establishes this repeating schedule was

1

used uniformly at all material times, and that Defendant did not pay overtime for all hours worked over forty (40) hours during any given workweek. In the interests of time and judicial economy, Plaintiff incorporates by reference pleadings submitted as Doc. 27 (Plaintiff's Motion for Conditional Class Certification); Doc. 28-2 (Exhibit B to Defendant's Response to Motion for Conditional Class Certification);

### SUPPLEMENTAL FACTS SUPPORTING CONDITIONAL CLASS CERTIFICATION

At page 12 of this Court's August 2016 Order [Doc. 81], the Court advised that "should Plaintiff submit some evidence tying Plaintiff and the putative class together under a single decision, policy, or plan on the part of Defendant to deny overtime pay" the Court would reconsider its position.

The attached deposition excerpts from two of Defendant's senior supervisors, Mr. Sierra and Mr. Dalton (Exhibits 1 and 2), reveal this plan and policy. Mr. Sierra's deposition first establishes he was a dispatcher supervising several crews. (Exhibit 1, Deposition page 6-9). He goes on to establish that any of the four crews working in the mines worked the same rotating schedule at all times. (*Id.* at deposition pages 25-26). He clearly documented the same shift schedules for the 28 day rotating period, previously described by Plaintiff, as 7 days off, 4 days on, 6 days on and 4 days on. (Exhibit 1-A). Given that these are 12 hour shifts, this means 8 hours of overtime are due for the second 7 day period, 32 hours of overtime are due for the second 7 day period, and another 8 hours of overtime are due for the third 7 day period.

Mr. Dalton is a senior supervisor for Defendant. (Exhibit 2 at deposition pages 11-17). He confirms that the mine crews worked the same rotating shift as described above. (Exhibit 2 at deposition pages 28-31). Specifically, he confirms that this same schedule operates on a rotating

2

28 day period (Exhibit 2 at deposition page 31).

Plaintiff's affidavit establishes that all employees at both mines were not paid proper overtime. (Exhibit 3). This affidavit confirms that all crews at both mines worked the same rotating schedule, described above.

**SUPPLEMENTAL ARGUMENT AND AUTHORITIES**

No matter how you slice it, Defendant didn't pay overtime as required by law. Defendant attempts to combine multiple seven day work weeks into "pay periods". This is illegal.

> Each workweek must comprise a fixed, consecutive seven day schedule (*e.g.* Sunday - Saturday or Thursday - Wednesday) regardless of whether the employee is paid weekly, bi-weekly or semi-monthly. *See,* 29 C.F.R. 788.105. If an employee has worked more than forty hours in a work week, then the employee must be paid overtime on the excess hours in that week. An employer may not combine the hours worked in multiple weeks within the same pay period to determine whether overtime is due.

29 C.F.R 788.104.

Looking at Exhibits 1-A and 2-A, we see the same thing. Picking, for say, day 5 of Mr. Sierra's chart, for the consecutive 7 day periods, there are 2 shifts of 12 hours, followed by 4 shifts, followed by another 4 shifts and then another four shifts. This means that the second shift required 8 hours of overtime, as did the third, as did the fourth. Defendant should have paid 32 hours of overtime in any given 28 day period. One can start at any point during this rotating schedule - the result will be the same. The defendant owed 32 hours of overtime pay in any given 28 day period. They didn't pay this, as clearly shown by Defendant's Exhibit B to its response to the motion for conditional class certification, and Mr. Eagle's Affidavit, (Exhibit 3).

This evidence satisfies the requirements of *Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D. 631, 665 (D.N.M. 2015). The evidence presented shows the initial

determination for class certification is met. The potential class members: " (i) have the same employer; (ii) are subject to the same employer practices; (iii) suffer the same method of calculation of wages owed; and (iv) allege FLSA violations based on the same conduct...." *Id*. at 664. This evidence also distinguishes this case from *Maestas*, Civ. No. 09-019, Doc. 38, where no evidence was submitted supporting the claims of unlawful pay practices.

The Court's discussion about "monthly" time computations are, with all due respect, off-point. As noted above, overtime compensation must be computed based on a seven day work week, not on a monthly basis. 29 C.F.R 788.104. The Defendant's policy requiring Chino and Tyrone mine employees to work more than 40 hours in any given 7 day work period is clearly established by the deposition testimony of Mr. Dalton and Mr. Sierra, two of Defendant's senior supervisors.

Plaintiff's evidence satisfies the first of the "two step" approach described in *Thiessen v. General Electric Cap. Corp.*, 267. F.3d 1095 (10th Cir. 2001). We are now at the "initial notice stage" which requires notice to class members who are similarly situated. *Thiessen* at 1102. We should then move on to the second stage determination of making factual findings satisfying the "similarly situated" requirement.

WHEREFORE Plaintiff respectfully requests that the Court grant his renewed Motion for Conditional Class Certification, and grant such other relief as deemed just and proper.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.
"Electronically Signed"

/s/   James P. Lyle, Attorney At Law
James P. Lyle
1116 Second Street
Albuquerque, NM   87102
(505) 843-8000  - Telephone
(505) 843-8043  - Facsimile
***Attorney For Plaintiff and Putative Class Members***

I hereby certify that a true copy of the foregoing pleading was served upon all counsel of record via CM/ECF filing of this pleading with the United States District Court For the District Of New Mexico this 30th day of December, 2016.

/s/    James P. Lyle, Attorney
James P. Lyle