**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM EAGLE, individually and on behalf of all similarly situated persons,

Plaintiff,

v. Cause No. 1:15-cv-00577 MV/GJF

FREEPORT-McMORAN, INC. f/k/a, FREEPORT-McMORAN COPPER & GOLD, INC., a Delaware Corporation,

Defendant.

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND REQUEST FOR RELATED RELIEF PURSUANT TO FRAP 4(a)(5)(A)

COMES NOW Plaintiff, by and through his counsel of record, and offers the following as his Motion To Enforce the settlement reached between the parties on December 13, 2018. Alternatively, Plaintiff asks this Court to extend, *ex post facto*, the date for filing the Appeal of this Court's final judgment entered September 26, 2018 (Docket No. 114), pursuant to FRAP 4(a)(5)(A). Opposing counsel opposes this Motion.

Shortly after this Court entered its Order of September 26, 2018, counsel for the parties were contacted by this Court and asked, among other things, whether settlement was possible. The attorneys agreed and represented to the Court that they would try to work out a settlement, and promised to notify the Court that if no settlement could be reached, they would accept the Court's invitation to assist in facilitating the settlement. The first settlement demand made by Plaintiff is attached as Exhibit 1. Former counsel for Defendant, Jennifer Bradfute, J.D., represented on multiple occasions that her clients would respond and that the parties did not need

court assistance at that time.

Finally, the Defendant, through Ms. Bradfute, made a counteroffer of $17,500.00. Counsel for Defendant had repeatedly assured counsel for Plaintiff that the matter could be resolved and that court intervention was not required. On December 13, 2018, counsel for Plaintiff and counsel for Defendant, Ms. Bradfute (who has left the Modrall Law Firm), and her replacement counsel, Megan Muirhead, J.D., had a telephone conference regarding the Plaintiff's $30,000.00 counteroffer.  At this time, counsel for the Defendant said they did not have authority to accept the counteroffer.  Plaintiff's counsel asked if the Defendant was willing to increase the settlement offer of $17,500.00.  The attorneys for the Defendant advised their client was not interested in increasing the offer.  They did not state that the offer had been withdrawn.  Counsel for Plaintiff advised he would consult with his client and respond.

After consulting with his client, counsel for Plaintiff told opposing counsel that the Plaintiff accepted the $17,500.00 offer.  At this point, Defendant's counsel apparently had a change of heart and said that the settlement offer had been withdrawn when in fact, it had not. This is documented by the communication sent on December 14, 2018, attached as Exhibit 2. Thus, despite the Defendant's apparent case of buyer's remorse, this case has settled.

A district court has authority, while a case is pending before it, to enforce settlement agreements reached by litigants. *See, United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). The United States Court of Appeals for the Tenth Circuit reviews the district court's use of such authority only for abuse of discretion. *See, id.* at 1495.

A settlement agreement is a contract. *See, Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981,* 836 F.2d 462, 465 (10th Cir. 1987) ("We construe a

settlement stipulation in the same manner as a contract to determine how it should be enforced.")(citation omitted). Thus, when determining whether a court will enforce a settlement agreement, a court applies state contract law. *See, United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)("Issues involving the formation, construction and enforceability of a settlement agreement are resolved by applying state contract law.")(*citing, Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996)).

New Mexico public policy favors settlement agreements. *See, Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.*, 106 N.M. 705, 707, 749 P.2d 90, 92 (1988). New Mexico courts presume that, when parties have settled a dispute, they "intended a complete accord and satisfaction of their respective claims . . . ." *Bennett v. Kisluk*, 112 N.M. 221, 223-24, 814 P.2d 89, 91-92 (1991). In applying this policy, New Mexico courts are bound by unambiguous language in settlement agreements. *See, Burden v. Colonial Homes, Inc.*, 79 N.M. 170, 173, 441 P.2d 210, 213 (1968)(citation omitted).

"Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *United States v. Hardage*, 982 F.2d at 1496. A court must have before it a sufficient factual development -- consisting of sworn testimony subject to cross-examination, sworn affidavits, and legal memoranda -- to enforce a settlement agreement. *See, id.* The United States Court of Appeals for the Sixth Circuit has held that an evidentiary hearing is not required where an agreement is clear and unambiguous, and no issue of fact is present. *See, Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1975). An oral settlement agreement is enforceable. *See, Herrera v. Herrera*, 1999 NMCA 34, 126 N.M. 705, 708-710, 974 P.2d 675, 678-680 (Ct. App. 1999). Because settlement agreements are

highly favored, a party seeking relief from a settlement has the burden of persuasion. *See, Marrujo v. Chavez*, 77 N.M. 595, 599, 426 P.2d 199, 201 (1967); *Gonzales v. Atnip*, 102 N.M. 194, 195, 692 P.2d 1343, 1344 (Ct. App. 1984).

Plaintiff clearly accepted an outstanding offer to settle before the offer was withdrawn. The Defendant's attorneys' efforts to renege on the settlement offer should be rejected. The Court should issue an order enforcing the settlement in the amount of $17,500.00. Additionally, the Court should order that the Defendant's pay for post judgment interest at the statutory rate of 8.5% from the date of the settlement, December 13, 2018, and for costs and attorney's fees associated with the filing of this Motion.

Alternatively, Plaintiff requests that this Court enter an order specifying that the Notice of Appeal filed in this matter on November 30, 2018 is timely. This Court's text docket entry granting the Plaintiff's Motion For Extension of time to file a notice of appeal was entered November 1, 2018.[1] The Defendant has moved, in the Tenth Circuit, to dismiss the Appeal as untimely, claiming that the Notice of Appeal should have been filed no later than November 26, 2018. Plaintiff does not agree with this position and believes that the Notice of Appeal that was filed was timely (if not premature). However, in the event the Court believes the Notice was untimely, this Court has the discretion to extend the time for filing of the Notice upon a showing of "excusable neglect or good cause". FRAP 4(a)(5)(A). The factors relevant to an excusable-negligent decision include "the danger of prejudice to [the non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it

[1]No formal Order was entered in connection with the Court's text docket. Technically, the Motion for Extension of time to file the appeal is still pending, until the time that the Court enters a formal order on this matter.

was within the reasonable control of the movant and, whether the movant acted in good faith." *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994).

In light of the extraordinary circumstances presented here, if the Court does not order enforcement of the settlement agreement reached, Plaintiff asks that the Court, as permitted by FRAP 4(a)(5)(A) find that the Notice of Appeal submitted on November 30, 2018 was timely.

WHEREFORE Plaintiff requests this Court order the Defendant to honor the terms of the settlement agreement reached, that the Court award interest at the post-judgment rate of 8.5% from the date of the settlement (December 13, 2018), and for costs and attorney's fees associated with the filing of this Motion. Alternatively, Plaintiff asks that the Court find that the Notice of Appeal filed on November 30, 2018, was timely. Plaintiff request any additional relief deemed just and proper by the Court.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.
"Electronically Signed"

/s/ James P. Lyle, Attorney At Law
James P. Lyle
1116 Second Street
Albuquerque, NM 87102
(505) 843-8000 - Telephone
(505) 843-8043 - Facsimile
***Attorney For Plaintiff***

I hereby certify that a true copy of the foregoing pleading was served upon all counsel of record via CM/ECF filing of this pleading with the United States District Court For the District Of New Mexico this 27th day of December, 2018.

/s/ James P. Lyle, Attorney
James P. Lyle